Good morning, Your Honor. May it please the Court, Melanie Treble, O'Melveny, and Myers on behalf of Mr. Penuliar in this matter. Your Honor, this is actually a fairly straightforward case. This is a case where the government failed to meet its burden of proving by clear and convincing evidence that Mr. Penuliar was deportable. In fact, two cases that have come out since the conclusion of briefing in this matter have clarified that Mr. Penuliar is not deportable on the record. The first of those cases from the United States Supreme Court, Leocal v. Ashcroft, clarifies what is required for a crime to constitute a crime of violence and thus an aggravated felony. The Supreme Court in Leocal v. Ashcroft emphasized that crimes of violence are meant by Congress to encompass only a narrow range of crimes which include active physical violence against another. That's simply not the type of statute that we have before us in evading an officer. Evading an officer requires, at best, the risk that someone or someone's property might be harmed, not the risk that a person will have to actively use violence against another. For that reason, Leocal v. Ashcroft controls, and evading an officer cannot categorically be a crime of violence. Further, Leocal v. Ashcroft held that to constitute a crime of violence, a crime must involve a mens rea of greater than negligence. Now, in this case, evading an officer does not include such a mens rea element. The government in its briefing focuses on the fact that the actual text of evading an officer refers to a willful or wanton. As I have noted, the California legislature has redefined willful or wanton to eviscerate the traditional definition of willful or wanton, which is a mens rea element. The California legislature has defined willful or wanton as, among other things, committing three traffic violations or damaging property in the course of evading an officer. This does not constitute a mens rea of greater than negligence. Accordingly, evading an officer cannot constitute an aggravated felony by a crime of violence under the Code pursuant to Leocal v. Ashcroft for those two reasons. The government has also conceded in its briefing that the other crime at issue, the unlawful taking of a vehicle, does not constitute a theft offense categorically. For this reason, both of Mr. Pannulliar's crimes do not constitute aggravated felonies under the categorical approach. Accordingly, this Court moves to the modified categorical approach and conducts a limited review of the documents in the record in order to determine whether Mr. Pannulliar was, in fact, convicted of an aggravated felony. Well, in this case, we have only three types of documents in the record, a probation officer's report, an abstract of judgment, and an information. Now, the other case that I mentioned, which has come out since the conclusion of briefing in this matter, came from this Court, and that was U.S. v. Navidad-Marcos. And in Navidad-Marcos, this Court held that an abstract of judgment under California law, as opposed to an official judgment, cannot constitute a document which may be looked to under the modified categorical approach. This leaves only the probation officer. Kagan. Did it say that or did it say that this particular one was at least ambiguous? Or one in that case, I mean. Well, its holding, Your Honor, was based on the fact that an abstract of judgment in California is a clerical, not a judicial, document, that it does not control over the actual judgment, and that they are subject to review and modification for clerical error. The Court noted that it is more likely that something written on an abstract of judgment constitutes a clerical abbreviation or notation as opposed to a constitutional abbreviation. Where is the abstract of judgment in this case, in the record? Let me get that citation for you. There are, in fact, two. The first abstract of judgment is found at page 76 of the record, and the second abstract is found at page 95. All right. Well, this just says unlawful take vehicle, which isn't illuminating anyway. Oh, I'm sorry, Your Honor. That's the abstract of judgment which refers to the unlawful taking of a vehicle counts. The one which refers to both unlawful taking of a vehicle and evading an officer is the one that's found at page 95. As Your Honor will note, even if this Court feels that Navidad Marcos ---- Well, neither of these, I mean, unlike the one in Navidad Marcos, I mean, these wouldn't help anyway, because they don't say anything that's even vaguely limiting. Precisely, Your Honor. Even if this Court determines that it can still look to an abstract of judgment in some circumstances under the modified categorical approach, the abstracts of judgment in this case do nothing to clarify the circumstances under which Mr. Pannuliar was convicted, and thus are still of no help to this Court under the modified categorical approach. And then we have the information. Where are they? The information, Your Honor, are found beginning at page 97 of the record, and that is the one that refers to both of the crimes at issue. And ---- Were these guilty, please? I'm sorry, Your Honor? Are there guilty pleas here? Yes. There are no guilty pleas in the record, Your Honor, but yes, he did have a guilty plea. But is this one with you for both? Yes, Your Honor. The information which refers only to the unlawful taking of a vehicle count is found at page 77 as well, Your Honor. Now ---- 77 or 97? 77. 77 is one and 97 is the other, Your Honor. Now, under this Court's precedent, this Court can only look to an information under the modified categorical approach. If there is something in the record which shows the Court that the Petitioner actually pled guilty as charged in the information, we have no such document in the record here. Accordingly, the information only tells us what the government alleged, not what Mr. Pannuliar pled guilty to, and is thus not acceptable under the modified categorical approach. But even so, what is there in the information that's limiting either? There is nothing, Your Honor. In fact, as to the evading an officer count, the information simply tracks the language of the statute and states willful or wanton disregard. As I've pointed out, willful or wanton disregard could mean simply the damaging of some property. Thus, the information doesn't help us on that count. As to unlawful taking of a vehicle, although the information itself does state that he did unlawfully drive or take a certain vehicle, under California law, the government the California government is not required to charge him as an accessory if it intends to pursue an accessory theory. It charges him and, in fact, even tries him as a principal. So the information doesn't tell us whether he pled guilty as a principal or as an accessory under California law. And that matters because of Corona Sanchez? I'm sorry? And that matters because of Corona Sanchez? Yes, Your Honor, because Corona Sanchez requires that he pled guilty to actually being the person in possession of the vehicle. We just can't determine that from this record. So with the information now eliminated, Your Honor, the only document left in the record is the probation officer's report. And as the government conceded in its brief, a probation officer's report cannot properly be considered under the modified categorical approach either. We're then left with nothing in the record which can aid this Court in a review under the modified categorical approach. The government has thus not only not met its burden of proving Mr. Pannulliar deportable by clear and convincing evidence, it hasn't provided any evidence at all. This falls far short of its standard of proof, Your Honor. Since neither of Mr. Pannulliar's crimes qualify under the categorical approach, and there's no evidence that this Court can look to under the modified categorical approach, I respectfully request that this Court reverse the judgment of the BIA. And unless the Court has any further questions, I'll reserve my remaining time for rebuttal. Thank you. Is this your first appearance before the Ninth Circuit? It's my second appearance, Your Honor. Which was your first? I was Melanie Boyer at the time under my maiden name. I argued as an admitted student in another immigration matter. And what school was that? The Chapman University School of Law down in Orange County. And you're at O'Melveny now? Yes, I am. O'Melveny, Newport Beach. Newport Beach. And you're doing this pro bono? Yes, Your Honor. Through the Ninth Circuit's pro bono program. I see. Thank you very much. Thank you. May it please the Court, Nicole Nardone, attorney for the respondent of the United States. The issue before the Court is whether Mr. Pinular was properly found removable as an alien convicted of an aggravated felony either under INA 101-A43-F as having committed a crime of violence or under INA 101-A43-G as having committed a crime of theft. If the Court finds Mr. Pinular removable on either of these grounds, it is without jurisdiction to consider the petition for review under INA section 224-A2C. The Court should find that Mr. Pinular's conviction for evading an officer is categorically a crime of violence. How can that possibly be when the statute says that three traffic violations doesn't? Well, Your Honor, there have actually been a number of California cases that have held, and explicitly so, and every case that's actually addressed this issue has held, that the addition of provision B to 2800.2 did not in any way alter the elements of the crime of that section. And the Court specifically held that people v. Sewell, it held that. Which case, I'm sorry? People v. Sewell. It's 80 Cal App 4690. Okay. The Court explicitly held that the key elements have remained and that essentially provision B merely describes some acts that might rise to the level of willful or wanton disregard for the safety of persons or property. Therefore, this provision does not in any way obviate the prosecutor's burden of establishing willful and wanton conduct. And as a matter of fact, provision 2. The statute specifically says that a willful or wanton disregard includes three or more violations. So it's defined willful and wanton as committing three or more violations. That is correct, Your Honor. However. That is correct. The definition and provision of B does state that for purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but it's not limited to. And in order to violate that section, there has to be an establishment of a violation of section 2800.1, which provides that any person who, while operating a motor vehicle with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer. I mean, that provision of the statute still exists and still needs to be proven that essentially this behavior has occurred in the process of fleeing a police officer. Right. So therefore, although these violations may establish a willful and wanton disregard, essentially within the statute, there still needs to be established that ultimately the facts of the case involved fleeing from a police officer and involved disregard. Well, I've had a crime of violence after the Supreme Court case particularly. I'm really having trouble with this. I think the other argument may be stronger, but I don't understand this one at all. Well, in the Supreme Court essentially held that in Leocal, essentially held that while a DUI is not considered to be a crime of violence because Because there's a mens rea problem, right? So what's the mens rea here? The mens rea here is that there's, I mean, there's an intent to evade an officer.  But where's the violence though? The violence is in driving a car. And committing three traffic violations. While being pursued and committing three. Well, I mean, you know, the officer could have, you need three vehicle code violations, right? Right. So, you know, the officer could have been following him. And so he's got tags that have expired. Then he makes a right turn without flipping on his blinkers. So that's two. And then he goes 20 miles an hour in a 15 mile an hour zone. So that's three. Well, Your Honor, I think. Where's the violence? The violence exists in the intent to evade an officer. And the fact is that the crime itself is committed in the attempt to evade the officer. And therefore, the fact that these traffic violations have occurred. But I mean, drunk driving is a lot worse. Chances of inflicting violence on a third party. You know, the odds are much, much greater. The difference was that in Leopold. Hypothetical, what? In Leopold, I think the court made a distinction between an act that may result in the risk of harm to persons. Versus an act that inherently in its very purpose. But you see, even the statute doesn't think inherently. Because the statute doesn't make it a crime to flee or attempt to elude a pursuing police officer alone. Only if and if the pursued vehicle is driven in a willful or wanton disregard of the safety of persons or property. And we had previously held that that piece was sufficient to create a crime of violence. And the statute has not, in any way, said that. And I think it's a matter of time before the statute was amended to essentially define willful and wanton disregard. So that didn't really mean willful and wanton disregard. I think you ought to go over to the other arguments. Okay. Let's move on. I'll move on to the modified categorical approach. I think we've got a stronger argument there. Even if Mr. Pennulaar's conviction for evading an officer is not found to be categorically a crime of violence, the criminal information and judgment do demonstrate that he pled guilty to all of the elements of a crime of violence. In U.S. v. Parker, this Court held that the charging documents, in addition to a judgment of conviction, may establish offense that an offense was a crime of violence. As a matter of fact, also in U.S. chavria v. Angel, the Court also established that the record, excuse me, the record established that the petitioner had pled guilty to an aggravated felony where the, in the information there were identified, the charges were identified by counts. And the record also established that the plaintiff had indeed pled guilty to those counts as specified. While the petitioner suggests here that an information plus a judgment is insufficient to establish that Mr. Pennulaar had indeed pled to each of the elements of a crime of violence, there's no case law that indicates that those two things together are insufficient. And in this case, you know, there is some case law that says that you have to plead guilty as charged, not just guilty. Right. And I believe the information, I believe the documents in the record do establish that. We don't even have the guilty plea. What we do have, though, is a reference, as in U.S. v. chavria, we have a reference to the counts that were alleged in both. For evading an officer, if you turn to page... Looking at the abstract now. Excuse me, we're looking at the criminal information at page 98 of the record. And this is count number three. It sets forth the language of the general statute, and then at the bottom states, it is further alleged the defendant drove in a willful and wanton disregard for the safety of persons and property. And if you turn to the abstract of judgment at page 95, the abstract of judgment indicates that Mr. Pennular did indeed plead guilty to count three, vehicle code 2800.2. And how does that help? I'm really mystified. Since we know that willful and wanton in the statute is defined as committing three traffic violations, how does this help? In other words, count three says that he knew he was supposed to stop and he didn't stop and he did it with a willful and wanton disregard, but the statute says willful and wanton disregard means three traffic violations. So how does this prove that he pleaded to something other than that? Well, we'll move on to the last argument, which is under the Mr. Pennular was also convicted of unlawful taking of a vehicle. And this court has held that a theft offense involves taking a property or exercise of control over property without consent and with the criminal intent to deprive an owner of the rights and benefits. The record here does establish that Mr. Pennular indeed was properly convicted of a crime of a theft offense. Based on the felony complaint and the abstract of judgment, I do realize that there is an argument with regard to the fact that aiding and abetting doesn't need to be specifically pled. However, I think that the record in showing that the felony complaint indicates that there were two persons involved in the crime and the fact that Mr. Pennular is the only person of the two convicted. What is it that indicates there were two people in the crime? I'm sorry. If we go to the felony complaint, it's at page 77 of the administrative record. It's a different felony complaint? This one specifically concerns the theft offense. Here, there were two persons charged in the felony complaint. And Mr. Pennular is the only one of the two who is charged with the theft offense. And therefore, the government submits that this is proof of the fact that he was indeed the principal involved in the crime. Well, who's this other guy? Well, presumably, this other person is Steve Simplow, is a person who was involved in some other aspects of the crime, but not necessarily the theft itself. But if, in fact, if Pennular's position were that there were two persons involved in the crime, it wasn't me who was driving, it was Simplow. And he went to his lawyer with that. His lawyer presumably would say, and did you and Simplow together steal this car? And if he said yes, the lawyer would say, well, there's no point not in pleading guilty because you were just as guilty as if you were driving yourself, so therefore, you were guilty of unlawful taking the vehicle. So the guilty plea doesn't tell you anything about whether he was agreed that he was the driver or not, does it? Does the guilty plea tell you anything about whether he was pleading to aiding, abetting, or pleading to driving himself? No, but, Your Honor, if there was another person that was indeed the principal in the crime, then they would also have been charged in this felony complaint. Well, that's what's charged, but that isn't what the conviction is. The question is, what's the conviction for? I mean, the conviction is just a sentence. I mean, the documents only indicate that. I'm sorry, I can't hear you. The documents only indicate that he pled to theft. That's the problem. But I do think your last point was the best one. That is, that there is something in what you said about the fact that there were two people who were charged in the theft conviction. You did at least convince me that he was at least charged with driving, but I don't know that he was convicted of it. Well, thank you. Do you have any questions? This other fellow, Simplo, he's the older guy, right? Because I think they have his birthday there. It's 6-20-49. Pennular is 11-11-79. And Simplo had all the burglar tools with him. Anyway, thank you. Thank you, Your Honors. In closing, based on the floor we're going, we would submit that the Court should find that it is without jurisdiction to consider the Petitioner for Review as the Petitioner was convicted of an aggravated felony either under INA 101-A43-F or 101-A43-G. Was this your first argument in the Ninth Circuit? No, but I'll tell you, I'm new, completely new to criminal law. I just have no background in it, so. No, no, this is. Some of the concepts are. Well, this Taylor stuff's hard and somewhat counterintuitive, so. Yeah. Thank you very much. Yeah. Yeah. Yeah. This whole area is complicated. And probably to ameliorate some of the extreme consequences, I suspect. But the law moves in mysterious ways. Why don't you take the minute and 44 seconds with you and we'll add it on the next time you come here. Your Honors, I do have a few points. I'll try to be very brief. And before I hit them, I think I can clear up some of the confusion that Your Honors are having over the record. There are two separate convictions in the record, one of which involves both unlawful taking of a vehicle and evading an officer, and one of which involves only unlawful taking of a vehicle. That's where some of the confusion over the page numbers is coming from. And then just briefly, Your Honors, the government relies heavily on people v. Sewell. People v. Sewell, in fact, acknowledged in reaching its holding that there were ways that someone could commit evading an officer without involving any great danger to anyone. The Court simply determined that that was irrelevant for the analysis it was undertaking. That's exactly what's relevant here under the categorical approach. So people v. Sewell does not help the government's position that evading an officer is not a crime of violence. Second, Your Honors, the government relies heavily on the existence of the judgment. It refers to a judgment in this case. However, we don't have a judgment here. We have an abstract of judgment, a clerical, not judicial document. This Court held in Navidad v. Marcos that notations on an abstract of judgment are more likely clerical than a conscious judicial narrowing. Thus, the ---- This Court held in Navidad v. Marcos that notations on an abstract of judgment are more likely clerical than a conscious judicial narrowing. Precisely, Your Honor. Finally, to address the government's argument that certain things in the information tell us what role Mr. Pannulliar played in the crime, I would suggest to this Court that that is assumptions upon assumptions and do not take us anywhere in terms of analysis of what Mr. Pannulliar pled guilty to. Thank you, Your Honors. And I'll save my eight seconds for next time. Six. All right. You both did very well, and we appreciate your time and effort on this case. And with this, we'll conclude a very difficult week. And we'll recess until we're called again by higher authority.
judges: Browning, Pregerson, Berzon